**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EILEEN M. RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00888-JMB |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Eileen M. Riley's post-dismissal motion to amend her complaint. (Docket No. 8). For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a self-represented litigant who filed a civil action against the United States on August 24, 2022. (Docket No. 1). Though confusing, the complaint appeared to be contesting plaintiff's eviction from her apartment, which she leased from Dutchtown South Community Corporation (DSCC).

Along with her complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On October 7, 2022, the Court granted the motion. (Docket No. 5). Because she was proceeding in forma pauperis, the Court then reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court dismissed this action without prejudice. (Docket No. 6). Specifically, the Court noted that the United States – the sole listed defendant – was immune from suit, and that the Court therefore lacked subject matter jurisdiction. Furthermore, even if the Court substituted DSCC as the defendant, plaintiff had failed to state a claim under 42 U.S.C. § 1983,

because DSCC was not acting under color of law, and because plaintiff had not alleged a constitutional violation.

On October 14, 2022, the Court received the instant motion, titled "Request to Amend/Supplement Complaint." (Docket No. 8).

## Motion to Amend

In plaintiff's motion, she requests "that the dismissal be reversed since an appeal is not possible when a dismissal is rendered, and it is explicitly written, an appeal would not be taken in good faith."[1] (Docket No. 1 at 1). She then states her "understanding that all the cases would be considered in the review as it is the only way to show the [consistent] pattern of violations, the interdependence between parties, and to have a full understanding of the burden placed on [her] for the last 15 years." Specifically, plaintiff apparently believes that the Court should look at two prior federal employment discrimination cases,[2] a municipal court case for expired plates,[3] a municipal court case for failure to display a valid certificate of inspection,[4] and her original complaint in this action, and construe them as a whole.

Attached to the motion is a proposed amended complaint. (Docket No. 8-1). The amended complaint is on a Court form, and once again names the United States as the sole defendant. (Docket No. 8-1 at 2). As to jurisdiction, plaintiff asserts that there have been unspecified violations of the First, Fourth, and Fourteenth Amendments. (Docket No. 8-1 at 3). She also contends that US Bancorp and FedEx Corp. – defendants in her prior employment discrimination

---

[1] The Court advises plaintiff that its certification that an appeal from its dismissal "would not be taken in good faith" does not prevent her from filing a notice of appeal. Indeed, when this case was dismissed, the Clerk of Court sent to plaintiff the procedures for filing an appeal, including the Court's Motion for Leave to Proceed in Forma Pauperis on Appeal form, and its Notice of Appeal form.

[2] *Riley v. US Bancorp, et al.*, No. 4:08-cv-206-ERW (E.D. Mo.) (employment discrimination complaint dismissed on August 26, 2009); and *Riley v. FedEx Corporation, et al.*, No. 4:17-cv-2192-RLW (E.D. Mo.) (employment discrimination complaint dismissed on February 4, 2019).

[3] Identified as Case No. 190776323.

[4] Identified as Case No. 190776324.

2

cases before this Court – "acted as agents of the state and knowingly violated local, state, and federal laws, and the constitution."

In the "Statement of Claim," plaintiff "respectfully request[s]" that the Court refer to her "original cases" in order "to detail what, where, and when violations occurred over the last 15 years." (Docket No. 8-1 at 5). Plaintiff notes that, "in hindsight," she suspects that "what took place was planned." She further asserts that the "injuries of life, liberty and property are self-evident in the detailed complaints." Plaintiff insists that whatever she failed to provide must be provided by others, including "corporate attorneys and court appointed attorneys, plaintiff attorneys, partners, [municipal] police…insurance agents and employees, [and] doctors and hospitals."

Plaintiff closes the "Statement of Claim" by alleging that "DSCC is, in fact, a state actor," because it received "State/Federal funds…by way of Guardian Angel Settlement Association." She states that DSCC terminated her lease as soon as those "funds were received."

Three exhibits are attached to the amended complaint. The first is a letter to the Court stating that she received a notice of eviction. (Docket No. 8-1 at 7). The second is a "Final Notice to Vacate" issued by the Sheriff of the City of St. Louis. (Docket No. 8-1 at 8). Finally, there is an email string between plaintiff and an attorney who is apparently representing DSCC. (Docket No. 8-1 at 9).

Based on these facts, plaintiff seeks compensatory and punitive damages, though she states she can "not actually place a specific dollar amount on any of this." (Docket No. 8-1 at 6).

## Discussion

The Court dismissed plaintiff's complaint on October 7, 2022 for lack of subject matter jurisdiction as to the United States, and for a failure to state a claim against DSCC. In response,

plaintiff has filed a motion to amend her complaint, which includes a proposed amended complaint. The motion to amend must be denied for two reasons.

### A. Post-Dismissal Motions to Amend Are Disfavored

First, the Court notes that following dismissal, the right to amend a complaint under Federal Rule of Civil Procedure 15(a) terminates. *See Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). Leave to amend may still be granted in the Court's discretion. *Id*. However, a plaintiff does not enjoy the absolute or automatic right to amend a deficient complaint once it has been dismissed. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id*. at 823. *See also In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, 623 F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored"). As discussed above, the Court dismissed plaintiff's complaint on October 7, 2022. Because post-dismissal motions to amend are disfavored, the Court will deny plaintiff's motion.

### B. Amending Would Be Futile

Second, allowing plaintiff to amend her complaint would be futile. Attached to the motion is a proposed amended complaint. As in the original complaint, the proposed amended complaint names only the United States as a defendant. The United States is immune from suit unless its immunity has been waived. *See Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). Sovereign immunity "shields the Federal Government and its agencies from suit," and "is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). No waiver of immunity is evident in the proposed amended complaint. Therefore, the proposed amended complaint would be subject to dismissal for lack of subject matter jurisdiction.

With regard to DSCC, plaintiff has – as in the original complaint – failed to state a claim under 42 U.S.C. § 1983. She states that "DSCC is, in fact, a state actor," because it receives "State/Federal funds." Despite this, plaintiff presents no facts establishing that DSCC exercised "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *See Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011). Furthermore, there is absolutely no indication that DSCC did anything to violate one of plaintiff's constitutional rights. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a 42 U.S.C. § 1983 claim, "a plaintiff must allege sufficient facts to show…that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right"). Therefore, as to DSCC, the proposed amended complaint would be subject to dismissal for failure to state a claim.

Rather than presenting factual allegations demonstrating that either the United States or DSCC did anything to harm her, plaintiff suggests that the Court review her past cases in order to piece together "violations" occurring "over the last 15 years." She does not specify what those violations consist of, but instead argues that they "are self-evident in the detailed complaints."

It is not the Court's responsibility to sift through plaintiff's prior filings to find a claim. To the contrary, plaintiff must present "a short and plain statement of the claim showing that [she] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Even though she is a self-represented litigant, plaintiff must still comply with Rule 8 of the Federal Rules of Civil Procedure. *See Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). The proposed amended complaint broadly states that all of plaintiff's past filings, when taken together, somehow state a claim. This does not comply with Rule 8.

5

For all of these reasons, allowing plaintiff to amend her complaint would be futile. Therefore, the motion must be denied. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be grounds to deny a motion to amend"); and *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend her complaint (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion would not be taken in good faith.

Dated this 18th day of October, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

6